IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD V. COLLINS,<br>    Petitioner,<br><br>v.<br><br>A. HEDGPETH, Warden,<br>    Respondent. | CASE NO.   CIV S-07-1240 BJR<br><br>ORDER DENYING REQUEST FOR<br>CERTIFICATE OF APPEALABILITY |

This matter comes before the court on Petitioner's Request for a Certificate of Appealability. (Dkt. No. 24.) The court hereby DENIES the request, for the reasons described below.

Petitioner is a California state prisoner who was convicted by a jury of assault with a semiautomatic firearm and of being a convicted felon in possession of and carrying a concealed and loaded firearm. Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he argued that his conviction was not supported by substantial evidence and was the result of instructional errors. (Dkt. No. 1.) This court denied the habeas petition on September 17, 2009, and Petitioner timely filed a notice of appeal. (Dkt. Nos. 23 and 24.) Before Petitioner can appeal this decision, a certification of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. APP. P. 22(b).

1

A certificate of appealability is required to appeal "the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court." *See Wilson v. Bellequ*, 554 F.3d 816, 824 (9th Cir. 2009). A district court may issue a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See also Belleque*, 554 F.3d at 825–26. The certificate-of-appealability requirement "constitutes a gatekeeping mechanism that prevents [federal courts] from devoting judicial resources on frivolous issues while at the same time affording habeas petitioners an opportunity to persuade [courts] through briefing and argument of the potential merit of issues that may appear, at first glance, to lack merit." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Petitioner alleged in his habeas petition that his conviction for assault with a firearm was not supported by substantial evidence, that the trial court committed reversible errors, and he was denied effective assistance of counsel because his trial attorney failed to request a defense of accident jury instruction. Petitioner raised the same claims on direct appeal and the Court of Appeal of the State of California, Third District, adjudicated the claims on the merits and affirmed his judgment and sentence. On review, this court determined that the Appellate Court's

decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, nor was the decision based on an unreasonably determination of the facts in light of the evidence presented at trial. (Dkt. No. 23.)

In the present motion, Petitioner has not made a substantial showing that he was denied a constitutional right, and therefore, is entitled to a certificate of appealability. Indeed, he does not even argue that jurists of reason could disagree with this court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. Instead, he simply restates the claims he raised in the habeas petition. Accordingly, he has failed to meet his burden under 28 U.S.C. § 2253(c).

For the foregoing reasons, the Certificate of Appealability is DENIED.

DATED this 2nd day of August, 2010.

    /s/ Barbara Jacobs Rothstein

Barbara Jacobs Rothstein
U.S. District Court Judge